Marvin, J.
The case of Eliab W. Metcalf, Trustee, against O. F. Carter, Treasurer, is a suit brought by Metcalf, who is the owner of a lot on which is situated a two story brick business block on the northwest corner of Broad and Mill streets in the city of Elyria, which is a city of the second class and third grade, The defendanl Carter is the treasurer of such city,
*197 The lot abuts on Broad street twenty feet and two inches, and on Mill street one hundred and sixty-five feet.
The city passed the proper legislation for the improvement by grading, paving and curbing Mill street, and on the 15th of March, 1895, through its council, it passed an ordinance for assessing the expense of this improvement of the street upon the premises fronting upon Mill street; and included as a part of such premises the one hundred and Bixty-five feet of the plaintiff’s lot, which abut upon that street.
The assessment was so.;,e $2.97 per foot, amounting in the aggregate on this property to $491.15 divided into six equal payments of something like $81.86 each,
Three of these payments the plaintiff has paid; he declines to pay any thing further, and the treasurer is about to proceed, or was about to proceed to enforce the collection of the next assessment, and claims the right, and admits that unless restrained he will undertake to enforce the collection of the remaining three assessments.
It is to enjoin the collection of said assessments that this suit is brought,
The first question that arises is as to whether the plaint, iff is estopped from prosecuting the action by his conduct in the matter, having known that the assessment was made, how it was made, and seen the work go on, and having done nothing until he bad paid three of the assessments.
Attention is called in support of this proposition that he is estopped, to the case of Kellogg, Treasurer v. Ely, 15th, Ohio State, page 64, and to the case of Tone against Columbus, 39th Ohio State, beginning on page 281, Attention is called specially to what is said on page 301 in the opinion in that case. But a later case decided by our supreme court, that of the city of Cincinnati v. James,in the 55th of the Ohio St., 180, seems to hold distinctly, that one may maintain a suit to enjoin further collection, after having paid on the assessments, in a case like this, such an amount as is equal to the entire amount which by law he could be compelled to pay. Under the authority of that case we hold that there was no estoppel.
The next question arises as to whether the legislation *198 by the city council was lawful because of the fact that no petition was filed ■ with the city clerk or other officer of the city for this improvement to be made. That is, no petition by- the owners of property upon the street, as provided for in section 2305 of the Revised Statutes.
It is clear that no effort was made to comply with that section.
Section 2267 of the Revised Statute provides that:
“Ho public improvement, the cost or part of the cost of which is to be specially assessed on the- owners of adjacent property, and no order appointing assessors of damages, or confirming their report shall be made without the concurrence of the council, and it shall be essential that two-thirds of the whole number of the members elected to the council concur, unless two-thirds of the owners to be charged petition in writing therefor.”
In this case there was no petition; but it was conceded on the hearing here that the vote of the council for this improvement was unanimous. That being true, section 2267 is the section which applies, and there was no occasion for a petition.
Unless the premises front on Mill street, it is conceded that there could be assessed upon this property only the amount that would be determined by allowing the front to be counted as that front which is upon Broad street.
The authorities in this state settle it conclusively, that where a building or property to be assessed for a street improvement is upon a corner, when the street upon the long side of that property is to be improved, if that is not the front, then the assessment shall be as upon a front equal to the real front on the street upon which it does front
And the question is as to which street this property fronts upon, or whether it fronts upon both Mill and Broad streets.
The ground floor, the main floor of this building is a store. That store clearly fronts upon Broad street, and upon no other street; that is conceded by all parties.
There is a basement, to reach which an area is left open, and an area wall built along the entire Mill street side of this building. ■
Prior to this improvement the rooms, of which there are five in that basement, were used for different purposes.
*199 Largely, but not altogether, the two most northerly ones were used in connection with the store which was kept upon the main floor; the other rooms Vere rented out for different purposes at different times. Each of these rooms has an outside opening into this area, and has no other outside door. And those doing business with the occupants of these basement rooms, except as to the two rooms used in connection with the store as already stated, entered and passed out of each room by these area doors on the Mill street side of the building.
Before the street improvement the floor of this area and of these basement rooms was about seven feet lower than the surface of Mill street at the south end of the building. Mill street descends gradually to the north, so that at the north end of the building the area and basement floor was about one foot lower than the surface of the street at that point.
There was a stair way leading north from Broad street down into this area, so that all those rooms could be reached by going down that stairway. There was certainly one and probable two stairways on the Mill street side, which led to the west into this area.
The basement was not the chief thing about this building. The chief thing was the store and the rooms above the store, which were reached altogether from Broad street.
The case of Toledo v. Sheill 53 Ohio St., 447 is much like the present case There a building stood upon a street corner, the main floor of the buiding was used as a store, and this store fronted upon Broadway street. The long side of the building was upon Logan street, and it was about 120 feet long. The Broadway street front was to the south,and Logan street was upon the east side of the building.
At the north-easterly corner of that building there was a doorway which led into a hall from which a stair way led to the upper stories; the third story was occupied ae a public hall. To reach that public hall the natural way was to go in at that door way on Logan street, and then up the stairs,
It could be reached by going through the store, but it was not occupied in connection with the store, and yet the *200 court held that the building did not front on Logan street.
The same reasons which resulted in so holding, when applied to this case, result in-the conclusion that the building of the plaintiff fronts on Broad street, and only on Broad street.
It is shown in the evidence that at the north end of this lot there was for many years a livery stable kept, which fronted on Mill street, the portion of the lot so occupied was entirely north of the building which has been erected; that occupancy ceased long before this improvement was made, and the portion of the lot which was north of the building — the building is 110 feet long from south to north —Ihe balance of that lot, fifty-five feet, was inclosed with a tight board fence and used in connection with the store.
Since the street improvement was made, a building has been put upon this north portion of the lot, and that fronts for some fifty feet on Mill street. In the case of Sandrock v. Columbus, 51 Ohio St., 317, it was held that what constitutes the front of a lot as a basis of assessment for street improvements must be determined by the situation as it existed when the improvement was made. In that case the lot was vacant when the improvement Was made; two houses were thereafter built, fronting on the street which ran along the long side of the lot, The court held: that the erection of these buildings 'after the improvement could not affect the question of what frontage was to be assessed.
In the case in the 53rd of the Ohio State Reports, to which attention has been called, the court held that a building upon a corner lot might be so constructed as to front partly upon one of the streets and partly upon the other, and that in such case the front should be determined so far as the side street, that is, the street on the longest side was concerned, by the width of that part of the building which fronted upon such street.
But even if we were to consider that the frontage of the new building on Mill street, together with the twenty feet of front which is on Broad street should be assessed, still there has been paid more than the taxes legally assessed would be, so that it is not necessary in determining this case to say what would be done if that were not true,
Half of the assessment has been paid, and so much of *201 the street as is north of the brick building, added to the front on Broad street, would not make enough if legally assessed to amount to what has already been paid. That being true we hold that the plaintiff is entitled to the relief sought, and the injunction is allowed as prayed for.
C. A. Metcalf, for Plaintiff.
E. G. Johnson and E. M. Stevens, for Defendants.